**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHAUNCEY GRUENWALD,

Plaintiff-Appellant,

v.

LEONARD MADDOX, SST-COI, El Dorado Correctional Facility, in his official and private capacity; JASON MYERS, SST-COII, El Dorado Correctional Facility, in his official and private capacity; ROLAND BUCHANAN, SST-COI, El Dorado Correctional Facility, in his official and private capacity; PATRICK MANSFIELD, Correctional Officer, El Dorado Correcrional Facility, in his individual and official capacity; RAY ROBERTS, Warden, El Dorado Correctional Facility, in his individual and official capacity; WILLIAM L. CUMMINGS, Secretary of Corrections Designee, in his individual and official capacity,

Defendants - Appellees.

No. 07-3245
(D.C. No. 06-CV-3340-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT***

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Plaintiff Chauncey Gruenwald, a Kansas state prisoner proceeding pro se, challenges the district court's dismissal of his section 1983 civil rights complaint. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm in part, reverse in part, and remand.

## I. BACKGROUND[1]

This case arises out of events that occurred on August 27, 2006, at the El Dorado Correctional Facility (EDCF). The precursor to these events was a "condition 30" that was called against Gruenwald for misuse of state property. As part of the condition 30, Defendant Patrick Mansfield, a correctional officer at EDCF, responded to Gruenwald's cell. Upon Mansfield's arrival Gruenwald asserted to Mansfield that he was willing to cooperate and be restrained in order to facilitate his pending removal from the cell. Mansfield neither acknowledged nor responded to Gruenwald's gesture.

Thereafter, Defendants Leonard Maddox and Jason Myers, also correctional officers at EDCF, arrived at Gruenwald's cell. Gruenwald again stated to these officers a willingness to be restrained, or "cuff[ed] up." At some point, however,

[1] For purposes of Defendants' motion to dismiss, all allegations in Gruenwald's complaint are presumed to be true and are to be construed in the light most favorable to Gruenwald.

Gruenwald placed a pillow in the food slot of his cell's door. Gruenwald did this in an effort to prevent the officers from spraying mace through the food slot and into his cell. Despite Gruenwald's continued willingness to be cuffed up, Maddox and Myers engaged in an effort to remove the pillow from the food slot. Eventually, it is alleged, Gruenwald aided the efforts to clear the food slot, and mace was sprayed into his cell.

As mace filled his cell, Gruenwald's eyes began to burn and his breathing became strained. Maddox chided Gruenwald, asserting "it burns, don't it?" After the introduction of the mace, the officers eventually cuffed Gruenwald on Mansfield's command and escorted him to a shower for detox. While in the shower, Maddox "slammed [Gruenwald's] head into the wall and placed one arm around his neck." Thereafter, "with his right hand [Maddox] pulled [Gruenwald's] forehead back and proceeded to grab [Gruenwald's] throat with his left hand forcing his face under the running shower water." Gruenwald yelled that Maddox was choking him and that he was not attempting to resist. However, "his cry for help was low and to[o] faint" so he attempted to defend himself by "side stepp[ing]" Maddox. This maneuver caused the pair to tumble to the ground, at which time Gruenwald again let out cries that he was being choked despite the fact that he was not resisting.

Subsequently, Defendant Roland Buchanan, another correctional officer at EDCF, entered the scene and stated that everyone needed to relax. Buchanan

helped Gruenwald and Maddox to their feet and informed Gruenwald that shackles would be placed around his legs. Without incident, Gruenwald complied with this demand and was again placed under the shower. While Gruenwald was under the shower this second time, Maddox again pressed Gruenwald's head against the wall, which along with the down pouring water, prevented Gruenwald from breathing. Gruenwald responded by attempting to force his body to the floor. Despite these efforts, Gruenwald was placed on his feet and again forced into the shower as Maddox gouged his left eye and forced his head under the water.

The detox being complete, Gruenwald was carried upstairs to a cell and placed on the floor. While being held by Myers, Gruenwald's hands were cuffed behind his back and he was laid out on his stomach. Abuse ensued. As Buchanan held Gruenwald's face to the floor, Maddox began beating Gruenwald's back with closed fists. Maddox's blows grew harder and harder. Gruenwald yelled that he was not resisting and requested that Maddox stop. Maddox ignored Gruenwald's pleas and continued to pummel Gruenwald's back. Eventually the officers exited the cell, with Myers warning Gruenwald that if he moved, "we'll do this again."

After the officers exited, Gruenwald was ordered to the cell's door in order to have his cuffs removed. "[Gruenwald] refused, stating he wanted to see the lieutenant or captain to show [them] what was done to his body and that he wanted pictures taken of him as evidence." Upon this request, Buchanan,

Maddox, and Myers again entered Gruenwald's cell and placed him on the floor. The trio then discussed how they would remove Gruenwald's cuffs and exit the cell. Evidently some plan was concocted and one of the defendants grabbed Gruenwald's legs and pulled him towards the door. Gruenwald resisted, asserting "you can beat me all night but I will have photos taken to show what you have done to me."

It is alleged that officers proceeded to beat him. While Myers held down Gruenwald's body and Buchanan held down Gruenwald's face, someone struck Gruenwald two times on the right side of his head. Thereafter, Gruenwald was pulled towards the door as Maddox twisted his left ankle. Gruenwald yelled, "he's trying to break my foot, he's trying to break my foot, he's hurting me." In response to Gruenwald's screams, Buchanan responded that the perpetrator of the foot incident had exited the cell. Buchanan further remarked that he was now the only officer holding Gruenwald down and that he was going to remove the cuffs. Buchanan did so and leaped from the cell slamming the door shut.

Unhappy with the abuse he sustained and the resulting injuries he suffered,[2] Gruenwald filed a complaint in the United States District Court for the District of Kansas on December 8, 2006. Gruenwald subsequently amended his complaint on

---

[2] Gruenwald asserts in his amended complaint that he "suffered significant injuries" and has had to seek physical therapy and medication "to help reduce or alleviate symptoms of pain and difficulty while functioning daily with the use of [his] back and left knee."

April 12, 2007. In his amended complaint, Gruenwald asserted causes of action against Buchanan, Maddox, and Myers in both their individual and official capacities, for violating his Eighth Amendment rights by "maliciously and sadistically" using physical force against him. Gruenwald asserted a similar cause of action against Mansfield, in both his individual and official capacities, for failure to intervene. In addition to his Eighth Amendment claims, Gruenwald asserted assault and battery claims arising under Kansas law against Buchanan, Maddox, and Myers. Finally, Gruenwald also named as Defendants Roger Werholtz (Kansas Secretary of Corrections), Ray Roberts (Warden of EDCR), and William Cummings (Kansas Secretary of Corrections Designee), in both their individual and official capacities, asserting that their actions constituted deliberate indifference and resulted in the abuse that Gruenwald sustained.

Defendants Buchanan, Maddox, and Myers filed a 12(b)(6) motion to dismiss Gruenwald's complaint against them on the basis of qualified immunity. The district court granted this motion. According to the court, Gruenwald's allegations against Buchanan, Maddox, and Myers, even if assumed to be true, did not amount to a violation of the Eighth Amendment. In this regard, the district court concluded that Gruenwald alleged "no facts sufficient to show that Maddox, Myers, and Buchanan's use of force [against him] was either 'wanton and unnecessary' or that these defendants acted maliciously and sadistically."

Similarly, Gruenwald's claims against Defendants Mansfield, Roberts, Cummings, and Werholtz were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[3] In relation to Mansfield (who was charged with the failure to intervene), the district court reasoned that given its conclusion that Buchanan, Maddox, and Myers did not violate Gruenwald's Eighth Amendment rights, it necessarily followed that neither did Mansfield. As for Roberts, Cummings, and Werholtz, the district court similarly dismissed Gruenwald's claims against these Defendants, asserting that Gruenwald did not allege that these individuals were personally involved in the events, and under section 1983, they could not be held responsible under a theory of respondeat superior.[4]

Gruenwald now appeals.[5] On appeal, Gruenwald's brief may be fairly construed to assert a claim that the district court erred in dismissing his various causes of action.

---

[3] These Defendants were not named until Gruenwald's amended complaint, which, pursuant to 28 U.S.C. § 1915A(a), was evaluated by the district court.

[4] On the basis of sovereign immunity, the district court also dismissed all of Gruenwald's claims for monetary damages against all Defendants acting in their official capacities. Furthermore, the court dismissed Gruenwald's claims for injunctive relief, reasoning that Gruenwald did not allege there was any ongoing activity to be enjoined. Having dismissed all of Gruenwald's federal claims, the court exercised its discretion pursuant to 28 U.S.C. § 1367(c)(3) and dismissed Gruenwald's various state tort claims as well.

[5] Gruenwald has sought leave from this court to proceed in forma pauperis (IFP).

## II. DISCUSSION

This court reviews de novo a decision to dismiss for failure to state a claim. "Dismissal of a pro se complaint ... is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002) (quotation omitted). In addition to construing a pro se complaint liberally, this court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Id. (citation omitted).

### A. Eighth Amendment Claims Against Buchanan, Maddox, and Myers

On the basis of qualified immunity, the district court granted Buchanan, Maddox, and Myers' motion to dismiss Gruenwald's claims against them in their individual capacities. "Our analysis of qualified immunity involves two steps. The threshold inquiry is whether the alleged facts (or, on summary judgment, the evidenced facts) taken in the light most favorable to the plaintiff show a constitutional violation." Simkins v. Bruce, 406 F.3d 1239, 1241 (10th Cir. 2005) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. "On the other hand, if a violation could be made out on a favorable view of the

parties' submissions, the next, sequential step is to ask whether the right was clearly established." Id.

The use of excessive force by a correctional officer violates a prisoner's rights under the Eighth Amendment's Cruel and Unusual Punishments Clause when the prisoner is subjected to an "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319, (1986); Gregg v. Georgia, 428 U.S. 153, 173 (1976). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in Whitley: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Under this approach,

> the extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it.

Id. at 7 (quotations, citations omitted).

With this standard in mind, our review of the complaint indicates that Gruenwald sufficiently alleged that Buchanan, Maddox, and Myers committed an Eighth Amendment violation, and that the district court failed to take Gruenwald's well-pleaded allegations as true or to construe them in the light most favorable to Gruenwald.

Throughout Gruenwald's complaint, Gruenwald alleges the various attacks upon him were unnecessary due to his stated willingness to cooperate and be restrained. At one point, Gruenwald alleges that Maddox stated, of the mace, "it burns, don't it?" Given Gruenwald's apparent cooperativeness at the time of this incident, Gruenwald's complaint suggests there was no need for the mace incident to occur.

True, at other times during the events, it appears by Gruenwald's own admissions that he resisted the officers' actions. However, it is equally true that at other times, Gruenwald alleges that he displayed no resistance whatsoever yet was mercilessly beaten. Indeed, it appears the most savage attack of the overall event occurred when Gruenwald was returned to a cell, held to the floor by Buchanan, and then repeatedly pummeled in the back by Maddox, all the while screaming that he was not resisting. At this time, the officers could not have reasonably perceived that Gruenwald, who was handcuffed and held to the floor, was any threat to them. Based on the allegations in Gruenwald's complaint, there

simply does not appear to have been any rhyme or reason for this particular attack, aside from a malicious and sadistic purpose.

The district court appeared to place great weight on the fact that Gruenwald failed to allege that he suffered a significant injury.[6] Specifically, the court appeared to believe that the force used against Gruenwald was de minimis, and therefore could not amount to an Eighth Amendment violation. However, the injuries suffered by Gruenwald cannot be sufficiently distinguished from injuries that the Supreme Court specifically asserted were not de minimis in Hudson: "bruises, swelling, loosened teeth, and a cracked dental plate." 503 U.S. at 10. In this regard, in addition to stating in his complaint that he suffered "significant injuries" that resulted in "chronic pain," Gruenwald attached to the complaint a statement from another correctional officer in which the officer indicated that Gruenwald suffered noticeable injuries on his back, throat, left eye, forehead, and both ears. Also attached was a signed affidavit from a fellow inmate indicating that after the incident, he observed Gruenwald with "black eyes, swelling, bruises on his back and the area behind his ribs ..., cuts on his upper and mid back, marks on his wrists where the cuffs dug in and broke the skin, and ... severe redness covering the greater portion of his body." It cannot be gainsaid that such a

---

[6] For the first time on appeal, Gruenwald alleged that the attack resulted in a chipped vertebrae. Although we may not consider this new evidence for purposes of the instant appeal, the evidence may nevertheless be considered upon remand to the district court.

compilation of injuries is not de minimis. With all of this in mind, we conclude that Gruenwald's complaint sufficiently states a claim that he was subjected to an "unnecessary and wanton infliction of pain" in violation of his Eighth Amendment rights.

The court is mindful that correctional officers have a significant responsibility in instituting order and discipline in our nation's prisons. Nevertheless, this responsibility does not come with the attendant right to use prisoners as personal punching bags. There no doubt may be times when prisoners agitate correctional officers or act in an otherwise unruly fashion. However, the Eighth Amendment demands that correctional officers respond to such incidents in a fashion that is appropriate for the situation.

Because Gruenwald's allegations demonstrate that the officers violated his Eighth Amendment rights, the court has little difficulty in concluding that his claims clear the second hurdle of the qualified immunity analysis as well. This hurdle asks whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. We conclude that it would have been clear to a reasonable officer in the shoes of Buchanan, Maddox, or Myers, that the malicious and sadistic infliction of pain exhibited in this case was unlawful. Accordingly, we reverse the district court's

decision granting Buchanan, Maddox, and Myers' motion to dismiss Gruenwald's Eighth Amendment claims against them in their individual capacities.[7]

### B. Eighth Amendment Claim Against Mansfield

Gruenwald's amended complaint asserts a cause of action against Mansfield for Mansfield's alleged failure to intervene and stop Buchanan, Maddox, and Myers' use of excessive force. Although the district court was not explicit, it appears the court dismissed Gruenwald's claim against Mansfield pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state claim. In this regard, the court reasoned that if Gruenwald failed to state Eighth Amendment claims against Buchanan, Maddox, and Myers, he surely failed to state such a claim against Mansfield.

We review de novo the district court's dismissal of an in forma pauperis complaint under § 1915(e)(2)(B)(ii) for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). As with a motion to dismiss, we accept Gruenwald's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Gruenwald. Id. at 1217.

---

[7] To the extent the district court dismissed Gruenwald's claims seeking monetary damages against all Defendants in their official capacities, we agree with the district court that the doctrine of sovereign immunity required such a result, and therefore affirm the dismissal of these claims.

Since Gruenwald is proceeding pro se, his complaint must be construed liberally. Id. at 1218 (quotation omitted).

"[A] law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983." Mick v. Brewer, 76 F.3d 1127, 1136 (10th Cir. 1996). Specifically, "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance." Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir.1985); see also Mick, 76 F.2d at 1137 (asserting that an officer may be liable for a failure to intervene if he "watched the incident and did nothing to prevent it." (emphasis added)). In the instant case, however, Gruenwald failed to allege in his amended complaint that Mansfield witnessed any of the events that underlie the instant action. Aside from indicating that Mansfield was the first officer to respond to his cell as part of the condition 30 and that after the introduction of the mace Mansfield ordered his fellow officers to cuff Gruenwald, Gruenwald's complaint makes no further mention of Mansfield's whereabouts during the events. Even construing Gruenwald's complaint liberally, the simple conclusory allegation that Mansfield failed to intervene–when not once does Gruenwald allege that Mansfield witnessed any of the events in question–is insufficient to state claim. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (asserting "conclusory allegations without supporting factual averments are insufficient to state a claim"

(internal citations omitted)). Accordingly, we affirm the district court's dismissal of Gruenwald's Eighth Amendment claims against Mansfield.

**C. Claims Against Roberts, Werholtz, and Cummings**

For substantially the same reasons articulated by the district court, we affirm the court's dismissal of Gruenwald's claims against Roberts, Werholtz, and Cummings.

**D. Claims for Equitable Relief**

For substantially the same reasons articulated by the district court, we affirm the court's dismissal of Gruenwald's claims for equitable relief.

**E. State Tort Claims**

Gruenwald asserted a number of state tort claims against Buchanan, Myers, and Maddox. Having dismissed all of Gruenwald's federal causes of action, the district court dismissed these claims pursuant to its discretion under 28 U.S.C. § 1367(c)(3). Based on our conclusion that the district court erred in dismissing all of Gruenwald's federal causes of action, we remand for the district court to reconsider whether it should exercise supplemental jurisdiction over Gruenwald's pendent state law claims.

## III. CONCLUSION

We REVERSE the district court's decision granting Buchanan, Maddox, and Myers' motion to dismiss Gruenwald's claims against them in their individual capacities and REMAND those claims for further proceedings. With this in mind, we also REMAND for the district court to reconsider whether to exercise supplemental jurisdiction over Gruenwald's pendent state law claims. We AFFIRM the district court's decision in all other respects. Gruenwald's motion to proceed IFP is GRANTED, and we remind him that he is obligated to make partial payments on the filing fee until the fee has been paid in full.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

07-3245, *Gruenwald v. Maddox*
**O'BRIEN**, Circuit Judge, concurs in the result.