**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LYNN EUGENE SCOTT,

Plaintiff – Appellant,

v.

MARY CARLSON,

Defendant – Appellee.

No. 14-1166
(D.C. No. 1:13-CV-00069-WJM-KMT)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff and Appellant, Lynn Eugene Scott, proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 case, and the denial of his motion to amend his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

complaint. For the following reasons, we affirm the dismissal and the denial of the motion to amend.

Mr. Scott is a former inmate of the Colorado Department of Corrections ("CDOC"). He claims that he should have been released from the CDOC on May 3, 2013, although he was not in fact released until June 13, 2013.[1] Mr. Scott also claims he was incarcerated some three and one-half years longer than the time to which he was sentenced. Mr. Scott's § 1983 claim asserts that the Defendant, Mary Carlson, was the head of time computation at the CDOC. He alleges that he was detained for an excessive period of time because Ms. Carlson was "grossly negligent, and or had reckless disregard, or was . . . deliberately indifferent to the constitutional rights of [Mr. Scott]." Prisoner Compl. at 4; R. Vol. 1 at 16. He asserts that she thereby violated his Fifth, Eighth and Fourteenth Amendment rights. He also asserted an otherwise undeveloped "state law claim." Id. at 18. He sought various damages.

---

[1]We note that different pleadings provide us with different exact dates for Mr. Scott's scheduled release and his actual release date. For example, Mr. Scott's original Complaint, filed on January 11, 2013, listed those release dates as May 3 and June 13, 2012. His amended Complaint, filed on February 1, 2013, listed them as the same. The magistrate judge's Recommendation lists those dates as May 3 and June 13, 2012. The Order of the district court overruling Mr. Scott's objections, adopting the Recommendation, granting the motion to dismiss and denying Mr. Scott's motion to amend his complaint lists the dates as in 2013. Nothing of moment flows from the precise dates being in a particular year. Thus, the confusion is immaterial to our decision.

The Defendant Ms. Carlson filed a motion to dismiss, arguing that Mr. Scott failed to allege any facts showing that Ms. Carlson personally participated in any of the alleged constitutional violations set forth in the Complaint. The district court referred the motion to dismiss to a magistrate judge for a report and recommendation. Mr. Scott then filed a motion to amend, which the court also referred to the magistrate judge.

The magistrate judge issued a Report and Recommendation on October 9, 2013, recommending that Ms. Carlson's motion to dismiss be granted, and Mr. Scott's motion to amend be denied. Mr. Scott filed objections to the Report and Recommendation. The district court accordingly reviewed the Report and Recommendation de novo and ultimately adopted it, overruled the objections, granted the motion to dismiss, denied the motion to amend, and dismissed the case. This appeal followed.

"It is axiomatic that, to prevail on a damages claim for a constitutional violation pursuant to § 1983, the plaintiff must show that the defendant, acting under color of state law, 'personally participated in the alleged violation.'" Robertson v. Las Animas County Sheriff's Dept., 500 F.3d 1185, 1193 (10th Cir. 2007) (quoting Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996)). "The plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." Jenkins, 81 F.3d at 994; see also Porro v. Barnes, 624 F.3d 1322, 1327-28 (10th

Cir. 2010) ("To establish a violation of § 1983 . . . the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights.") (further quotations omitted); Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010).

The district court found that Mr. Scott's conclusory and vague statements failed to allege any facts showing that Ms. Carlson personally participated in any of the claimed constitutional violations. As the Report and Recommendation (adopted by the district court) stated, the "Complaint is devoid of any facts showing that Defendant participated in the computation of Plaintiff's sentence, the determination of his release date, or any event resulting in his alleged over-detention." Report & Recommendation at 5; R. Vol. 1 at 65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012); Bixler v. Foster, 596 F.3d 751, 756 (10th Cir. 2010). We agree that Mr. Scott's Complaint fails to allege facts showing Ms. Carlson's personal participation. We therefore also agree with the district court that the Complaint must be dismissed.

The district court then addressed Mr. Scott's motion to amend his Complaint. Pursuant to Fed. R. Civ. P. 15(a)(2), the court has discretion to grant a party leave to amend his pleadings. "In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Cohen v. Longshore, 621 F.3d 1311, 1313 (10th Cir. 2010). We review that decision to deny leave to amend for abuse of discretion. U.S. ex. rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009).

We have stated that "[a]lthough Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004) (further quotation omitted); see also Full Life Hospice, LLC v. Sebelius, 709 F.3d 1012, 1018 (10th Cir. 2013). Mr. Scott's motion to amend included claims that the "custom, policy established by [Ms. Carlson]" as "Head of Time Computations of the [CDOC]" or "the exercise of control or direction by virtue of the office of the Head of Time Computations [and/or] her lack of supervision [and/or] failure to train" caused Mr. Scott to serve more time than he was sentenced to serve. Mot. to Amend at 2-3; R. Vol. 1 at 56-57. The district court considered these claims, as well as an affidavit referenced in his motion to amend, and concluded that Mr. Scott's "proposed amendments do not cure the deficiencies in the Complaint." Order at 6-7; R. Vol. 1 at 87-88.

As the court further stated, "[i]t is not enough for Plaintiff to allege that Defendant was 'Head of Time Computations of CDOC.' Plaintiff must establish 'a deliberate, intentional act by [Defendant] to violate constitutional rights.'" Id.

at 7; R. Vol. 1 at 88 (quoting Jenkins, 81 F.3d at 995) (further quotations omitted). The district court concluded that Mr. Scott has failed to do so in this case, either in his Complaint as written or in his proposed amendment. We thus agree that the proposed amendment would have been futile.

In short, we agree with the district court's dismissal of this § 1983 action and its denial of Mr. Scott's motion to amend. For the foregoing reasons, the order in this case is AFFIRMED. Appellant's motion for leave to proceed in forma pauperis is DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge