**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL ED ERIKSON,

Plaintiff - Appellant,

v.

STATE OF OKLAHOMA; WOODS COUNTY, OKLAHOMA,

Defendants - Appellees.

No. 17-6002
(D.C. No. 5:16-CV-00657-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT***

---

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

---

In 2013 Michael Ed Erikson filed suit against the State of Oklahoma and Woods County, Oklahoma, alleging that agents of the State and the County violated his civil rights and committed torts against him. In that case, No. 5:13-CV-00858-R (the 2013 Suit), the district court held the State was immune from suit under the Eleventh Amendment. Then, on July 1, 2015, it granted Mr. Erikson's motion to

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

voluntarily dismiss without prejudice, conditioned on his payment of defense costs should he choose to refile.

In 2016 Mr. Erikson did refile his suit against both the State and the County. After denying his motion to recuse, the district court granted the State's Fed. R. Civ. P. 12(b)(1) motion to dismiss, again applying Eleventh Amendment immunity. The district court further granted the County's Fed. R. Civ. P. 12(b)(6) motion to dismiss. It held that Mr. Erikson's 42 U.S.C. § 1983 claims failed to link any alleged constitutional violations to any policy or custom of the County or to any action by an official with policymaking authority for the County. It also held that Mr. Erikson's state-law claims were barred by the Oklahoma Government Tort Claims Act. As it had directed in dismissing the 2013 Suit, the district court ordered Mr. Erikson to pay defendants' costs. Mr. Erikson now appeals from the judgment in the 2016 Suit.

We review de novo dismissals under Rules 12(b)(1) and 12(b)(6). *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Because Mr. Erikson proceeds pro se, his brief is "to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Nevertheless, "pro se parties [must] follow the same rules of procedure that govern other litigants," and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (internal quotation marks omitted).

Mr. Erikson argues that immunity is not available to a State whose agents actually have committed violations of the United States Constitution. But the merits of an underlying constitutional claim are not relevant to an Eleventh Amendment analysis. The State may claim the benefit of sovereign immunity under the Eleventh Amendment even when a plaintiff may be able to prove that the State's agents committed a constitutional violation. *See Trujillo v. Williams*, 465 F.3d 1210, 1224, 1225-27 (10th Cir. 2006) (affirming grant of Eleventh Amendment immunity to State employees in their official capacities, while reversing dismissal of constitutional claims against employees in their individual capacities); *see also Schwartz v. Booker*, 702 F.3d 573, 578, 588 (10th Cir. 2012) (noting that State agencies and State employees in their official capacities were dismissed under Eleventh Amendment before holding that plaintiffs overcame employees' entitlement to qualified immunity in their individual capacities by showing they had violated a clearly established constitutional right).

Mr. Erikson further states that the 2016 Suit was identical to the 2013 Suit, with the addition of claims for obstruction of justice. He posits that because the district court ordered the 2013 Suit to go forward against the County, it erred in granting the County's Rule 12(b)(6) motion in the 2016 Suit. In the 2013 Suit, however, the district court never reached the point of evaluating the merits of the claims against the County before Mr. Erikson moved to voluntarily dismiss. Mr. Erikson is mistaken in believing that the 2013 Suit somehow precluded the district court from entertaining the County's Rule 12(b)(6) motion in the 2016 Suit.

Mr. Erikson also complains that the district court ordered him to pay defendants' costs. Because this argument goes to the underlying decision that he should have to pay costs, it arises out of the July 1, 2015, order dismissing the 2013 Suit. But Mr. Erikson did not appeal from that order, so we lack jurisdiction to consider this challenge. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

Finally, Mr. Erikson challenges the district judge's denial of his motion to recuse. He asserts that the district judge was biased against him, as shown by his failures (1) to treat Mr. Erikson liberally with regard to paying costs upon refiling, and (2) to grant Mr. Erikson's request for a continuance in the 2013 Suit. But the Supreme Court has made it clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993) (including "prior rulings in the proceeding, or another proceeding, solely because they were adverse" as among those matters that ordinarily are insufficient to trigger disqualification). This is not one of those rare cases in which a judicial ruling establishes bias.

The judgment of the district court is affirmed. Mr. Erikson's "Motion Requesting Entire Case History to be Provided to the Court," which the court has construed as a motion to supplement the record with the record from the 2013 Suit, is

denied as unnecessary. This court takes judicial notice of the district-court filings in the 2013 Suit. *See Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012).

Entered for the Court

Carolyn B. McHugh
Circuit Judge